NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANDRA E. CLARK, | : | |
| Plaintiff, | : | |
| V | : | CIVIL ACTION NO. 08-6356 (JLL) |
| SEWRITAS SECURITY SERVICES, | : | OPINION |
| Defendant. | : | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Sewritas Security Services ("Defendant") motion for summary judgment. [D.E. No. 19]  Defendant moves for summary judgment with respect to pro se Plaintiff Sandra Clarks's ("Plaintiff") claims brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*.  Plaintiff has not filed opposition papers to the motion. No oral argument was held. Fed. R. Civ. P. 78.  For the reasons set forth in this Opinion, Defendant's motion is granted in its entirety.

    I.    **FACTS**

The facts herein are set forth in Defendant's Statement of Material Facts.  Since Plaintiff never submitted opposition to Defendant's motion nor any counter-statement of facts, the Court will accept Defendant's facts as true, with appropriate record support. Plaintiff was employed by Defendant from October 2006 through September 2007.  On September 25, 2008, Plaintiff received a "right to sue letter" from the Equal Employment Opportunity Commission. Subsequently, Plaintiff filed the instant action on December 24, 2008.  Plaintiff alleges that

1

because of her age, Defendant failed to promote her and wrongfully terminated her in violation of Title VII.  Plaintiff's form complaint states, in its entirety, that: "I was terminated for no reason, even though I have 35 years of law enforcement and security management training.  I was not sent to a New Jersey State Police Instructor course for which I was qualified.  I was accused of being late despite that fact that very few security personnel arrive on time.  The Defendant (Colin Grant) site supervisor was intimidated by me because my credentials and training are far superior to his.  Grant placed one of his friends in my position despite that fact that this person was always late." (Compl. ¶¶ 9 & 10).  Defendant now moves for summary judgment.

## II.   LEGAL STANDARD

### A.  Summary Judgment

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings.  See Celotex, 477 U.S. at 324.  Further, the non-moving party cannot rely on unsupported assertions,

bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Where, as here, the plaintiff is proceeding pro se, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers ....") (internal quotation marks omitted).

### III. DISCUSSION

#### a. Title VII Discrimination Claims

Under Title VII, it is unlawful for an employer "to discharge any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2003). Under Title VII, the plaintiff has the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas v Green, 411 U.S. 792, 801-802 (1973). If the plaintiff establishes a prima facie case under Title VII, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. After the establishment of a prima facie case and the production of a legitimate, non-discriminatory rationale for adverse employment action by the defendant, "a plaintiff may then survive summary judgment by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000).

#### 1. Wrongful Termination of Employment

Plaintiff must establish a prima facie case of wrongful termination in order to survive Defendant's summary judgment attack on this claim. To do so, Plaintiff must demonstrate (1) that she is a member of a protected class; (2) the she was qualified for the position she held; (3) that she suffered an adverse employment action; (4) "under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class." Jones, 198 F.3d at 410-411 (affirming grant to defendant employer summary judgment on Title VII wrongful termination claim).

Here, even assuming arguendo that Plaintiff has demonstrated a prima facie case for wrongful termination under Title VII, the Court finds that Defendant has met its burden of articulating legitimate reasons for not promoting Plaintiff. Texas Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Defendant has presented ample evidence that Plaintiff engaged in "inappropriate discussion of security matters with clients, insubordination, abusive and threatening behavior, and chronic tardiness." (Pl.'s Br. at 11; Pl.'s Statement of Facts at ¶¶ 26-30). This evidence, viewed in its entirety, provides a legitimate, nondiscriminatory reason for the adverse employment action.

After the establishment of a prima facie case and the production of a legitimate, non-discriminatory rationale for action by the defendant, "a plaintiff may then survive summary judgment by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale, 200 F.3d at 105.

Although Plaintiff failed to submit opposition papers to the instant motion, in light of her pro se status, the Court has reviewed the complaint and the entire record evidence in an attempt

4

to identify evidence of pretext.  However, the Court was unable to divine sufficient facts from her sparse form complaint "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale, 200 F.3d at 105.  Thus, Plaintiff's form complaint is insufficient to carry her burden at this stage and Defendant's motion is GRANTED.

### 2. Failure to Promote

In order to establish a Title VII claim for failure to promote, Plaintiff must show that (i) she belongs to a protected class; (ii) she applied for and was qualified for a particular position; (iii) she was rejected for the position; and (iv) after the rejection, the position remained open and Defendant continued to seek applications from persons with Plaintiff's qualifications. See Allen v. Nat'l R.R. Passenger Corp., No. 07-3781, 2005 WL 2179009, at *6 (E.D. Pa. Sept. 6, 2005).

Even assuming arguendo that Plaintiff has demonstrated a prima facie case for failure to promote under Title VII, the Court has thoroughly reviewed the record evidence and finds that Defendant has met its burden of articulating legitimate reasons for not promoting Plaintiff. Texas Dep't of Comty. Affairs, 450 U.S. at 254.  Defendant has presented ample evidence that Plaintiff engaged in "inappropriate discussion of security matters with clients, insubordination, abusive and threatening behavior, and chronic tardiness." (Pl.'s Br. at 11; Pl.'s Statement of Facts at ¶¶ 26-30).  This evidence, viewed in its entirety, provides a legitimate, nondiscriminatory reason for the adverse employment action.

After the establishment of a prima facie case and the production of a legitimate, non-discriminatory rationale for action by the defendant, "a plaintiff may then survive summary judgment by submitting evidence from which a factfinder could reasonably either (1) disbelieve

the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale, 200 F.3d at 105.

Although Plaintiff failed to submit opposition papers to the instant motion, in light of her pro se status, the Court has reviewed the complaint and the entire record evidence in an attempt to identify evidence of pretext. Here again, however, the Court was unable to divine sufficient facts from her sparse form complaint "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Id. Plaintiff's form complaint is insufficient to carry her burden at this stage and, therefore, Defendant's motion is GRANTED.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion is granted in its entirety. An appropriate order accompanies this opinion.


DATED: October 19, 2010                /s/ Jose L. Linares
                                       UNITED STATES DISTRICT JUDGE